■ In the Matter of GIANFRANCO DONATI, Petitioner, v GAIL S. SHAFFER, as Secretary of State of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review so much of a determination of the Secretary of State, dated May 22, 1990, as confirmed a determination by an Administrative Law Judge, made after a hearing, that the petitioner had violated both Real Property Law § 440-a and 19 NYCRR 175.4 and had demonstrated untrustworthiness and incompetency as a real estate broker, in violation of Real Property Law § 441-c, and suspended the petitioner's license as a real estate broker for a period of three months and thereafter until the petitioner divested himself of certain commissions, with interest.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the determination with respect to the charge alleging a violation of Real Property Law § 440-a is annulled, that charge is dismissed, the determination is otherwise confirmed, the penalty imposed is vacated, the proceeding is otherwise dismissed, and the matter is remitted to the respondent for the imposition of a new penalty consistent herewith.

The Secretary of State confirmed the Administrative Law Judge's determination, which, after a hearing, found that the petitioner had acted improperly in three real estate transactions. The petitioner contends that the determination was not supported by substantial evidence. However, the finding of the Administrative Law Judge that with respect to the Collins/ Ferrara transaction the petitioner failed to disclose that both parties were represented by the same attorney, was supported by substantial evidence and warranted the determination that the petitioner had violated his fiduciary duty to his principals and engaged in untrustworthy and incompetent conduct in violation of Real Property Law § 441-c.

Further, the finding of the Administrative Law Judge with respect to the Barker transaction, that the petitioner violated 19 NYCRR 175.4 in that he failed to disclose his interest in the property to his principals, was supported by substantial evidence and warranted a determination that the petitioner had violated his fiduciary duty to his principals and demonstrated untrustworthiness in violation of Real Property Law § 441-c.

With regard to the Postiglione transaction, the Administrative Law Judge found that the petitioner, by allowing an employee to act as a real estate salesperson without a license and paying that employee a portion of the commission from the transaction, demonstrated untrustworthiness and incompetency as a real estate broker and violated Real Property Law § 440-a. The Administrative Law Judge's finding that the petitioner's conduct demonstrated untrustworthiness and incompetence as a real estate broker was supported by substantial evidence. However, the record does not support the determination that the petitioner's conduct violated Real Property Law § 440-a, which provides that no person shall engage in real estate activities without a license, since there was no evidence that the petitioner personally engaged in any real estate activities without a license. Therefore, the portion of the determination which found the petitioner guilty of violating Real Property Law § 440-a should be annulled.

In light of the nullification of the determination with respect to the violation of Real Property Law § 440-a, the matter is remitted for the imposition of a new penalty. However, we note that the determination erroneously conditioned the petitioner's suspension upon his paying the Barkers $15,000, since it is clear from the record that the Administrative Law Judge only intended that the petitioner divest himself of his portion of the $15,000 commission, which was $11,250. Additionally, since the Secretary of State does not have the power to award damages, the Secretary exceeded her authority by requiring the petitioner to pay interest upon the commissions which he was required to repay (see, Matter of Brabazon v Cuomo, 49 AD2d 430).

We have reviewed the petitioner's remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Eiber and O'Brien, JJ., concur.